**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| JUSTIN SECREST | : |
| Plaintiff, | : CASE NO. |
| v. | : |
| HARRIS MOUNTAIN WEST, LLC, et al. | : |
| Defendants. | : |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Harris Mountain West, LLC ("Harris"), by and through counsel, submits this Notice of Removal to the United States District Court for the Southern District of Ohio, Western Division, with respect to the above-styled action, pending as Case No. A 2500976 in the Hamilton County Court of Common Pleas. Defendant states the following grounds for removal:

**A. REMOVAL IS TIMELY**

On February 26, 2025, Plaintiff Justin Secrest ("Secrest") filed a civil action against Defendants Harris and Turner Construction Company ("Turner") in the Court of Common Pleas, Hamilton County, Ohio. A true and accurate copy of the Complaint and subsequent filings are attached hereto as Exhibit A. Harris was served with the Summons and Complaint on March 6, 2025, providing 30 days until April 4, 2025, to file a Notice of Removal in accordance with 28 U.S.C. § 1446(b)(2)(B) & (C); *See also* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. 112-63, 125 Stat. 758, 760. Therefore, this Notice is timely filed pursuant to 28 U.S.C. §1446(b).

### B. DIVERSITY JURISDICTION EXISTS

Plaintiff Justin Secrest is a resident of Pike County, Ohio (Complaint, ¶ 7).

Harris is a Minnesota limited liability company, with its principal place of business in St. Paul, Minnesota (Declaration of Stephanie Mylles, attached hereto as Exhibit B ¶ 2). A limited liability company has "the citizenship of each partner or member" for purposes of diversity jurisdiction. *See Southwell v. Summitview Farragut, LLC,* 494 F. App. 508, 510 (6th Cir. 2012); *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). See also 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). The only member of Harris is OneHarris, Inc., a Minnesota corporation with its principal place of business in St. Paul, Minnesota (Mylles Declaration ¶ 2).

Defendant Turner Construction Company of Ohio, LLC ("Turner") is a New York entity, wholly owned by its sole member, Turner Construction, Inc., which has its principal place of business in New York. (Exhibit C). Accordingly, Defendant Turner, through the citizenship of its member, is a citizen of New York. Therefore, complete diversity among the parties exists.

### C. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

In accordance with Ohio Rule of Civil Procedure 8(A), Plaintiff Secrest has alleged damages "to be determined at trial but exceeding $25,000." (Complaint ¶¶ 48, 58). Specifically, Plaintiff also seeks back pay; reinstatement or front pay in an amount to be determined; reasonable attorneys' fees; all costs and expenses incurred in pursuing his

2

claims; pre- and post-judgment interest; and all other legal and equitable relief this Court and/or a judge determines is appropriate. (Id. Prayer for Relief).

Where the Complaint does not specify the total amount of monetary relief, due to State practice or rules, the Notice of Removal may assert the amount in controversy. 28 U.S.C. 1446 (c)(2)(A). Thus, where a complaint does not explicitly claim an amount greater than $75,000, the jurisdictional requirement is that the amount in controversy exceeds $75,000 based on a fair reading of the pleadings. *See, Sunkin v. Hunter Eng. Co.*, 2015 WL 4406101, *6-7 (N.D. Ohio July 20, 2015) (determination of whether the amount in controversy has been met is based "on a fair reading of the pleadings"); *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001) (determining that a "fair reading" of a complaint with unspecified damages demonstrated that the amount in controversy was above $75,000). The Sixth Circuit has noted that "this is not a daunting burden," and it does not "require[] the defendants to research, state[,] and prove the plaintiff's claim for damages." *Halsey v. AGCO Corp.*, 755 F. App'x 524, 526-527 (6th Cir. 2018) (internal citations omitted.) "Instead, the defendants need only show that it is more likely than not that the plaintiff's claims exceed $75,000." *Id*.

Here, in addition to compensatory damages, Plaintiff seeks to recover attorney's fees. The court must consider requests for punitive damages and attorneys' fees in determining the amount in controversy, unless it appears to be a legal certainty that such damages and fees cannot be recovered. *See Karl v. Bizar*, 2009 WL 2175981, *9-14 (N.D. Ohio June 30, 2009) (finding that the amount in controversy requirement was met where the plaintiff asserted claims for tortious interference and punitive damages and attorneys' fees, although complaint did not specify the amount of damages sought). Plaintiff

3

includes a cause of action for R.C. 4123.90, which provides for reasonable attorney's fee for a successful plaintiff (Count IV).

As demonstrated in the Mylles Declaration and attachments, Plaintiff was earning $43.20 per hour and frequently worked overtime or double time, earning $64.80 and $86.40 per hour, respectively during his employment with Harris (Mylles Declaration ¶¶3-4 and attachments). His gross earnings from March 18, 2024, through August 30, 2024, were $56,150.12 (Id. at ¶4 and attachments). Factoring Plaintiff's earning history into the 31 weeks between the date of termination and the date of removal of this action, the amount in controversy includes no less than $75,680.43 in back pay alone. This total is without considering the value of additional benefits Secrest received as a member of Local Union 162, pre-judgment interest, or attorney's fees.

Without conceding either liability on any of Plaintiff's claims or that he is entitled to recover the monetary amounts sought, Harris submits that a fair reading of the Complaint finds that the amount in controversy against Defendants easily exceeds $75,000.00.

### D. **CONSENT TO REMOVAL**

Each defendant consents to removal of this action.

### E. **CONCLUSION**

Based upon the above, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that the Notice is timely filed; the Complaint presents a case where the amount in controversy exceeds the sum of $75,000.00; and the dispute is between citizens of difference states; therefore, removal is proper. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders received by Defendants and/or filed in connection with this matter is attached as Exhibit A. Pursuant to 28 U.S.C. § 1446(d),

upon filing this Notice of Removal, Defendants will file a Notice of Filing Notice of Removal in the Court of Common Pleas for Hamilton County, Ohio. Defendant Harris does not waive any jurisdictional or other defenses available to it and preserves its right to assert all available defenses.

                Respectfully submitted,

                */s/ Linda L. Woeber*
                LINDA L. WOEBER (0039112)
                COOPER D. BOWEN (0093054)
                MONTGOMERY JONSON LLP
                600 Vine Street, Suite 2650
                Cincinnati, Ohio 45202
                (513) 768-5239 / lwoeber@mojolaw.com
                (513) 768-5242 / cbowen@mojolaw.com

                *Counsel for Defendant, Harris Mountain West, LLC*

## CERTIFICATE OF SERVICE

    This is to certify that on this 4th day of April, 2025, a copy of the foregoing was filed with the Court and served by electronic mail on the following:

| | |
|---|---|
| Jamie R. Bailey, Esq.<br>WILLIS SPANGLER STARLING<br>4653 Trueman Boulevard, Suite 100<br>Hilliard, OH 43026<br>jbailey@willisattorneys.com<br><br>*Counsel for Plaintiff Justin Secrest* | Michael T. Short, Esq.<br>Emily E. Levy, Esq.<br>LITTLER MENDELSON<br>41 S. High St., Suite 3250<br>Columbus OH 43215<br>mshort@littler.com<br><br>*Counsel for Defendant Turner Construction Company* |

                */s/ Linda L. Woeber*
                Linda L. Woeber