# IN THE COURT OF COMMON PLEAS FOR HAMILTON COUNTY, OHIO
## GENERAL DIVISION

| | |
|---|---|
| **JUSTIN SECREST,** | |
| 2277 State Route 220 <br> Piketon, OH 45661 | |
| PLAINTIFF, | |
| v. | |
| **HARRIS MOUNTAIN WEST, LLC,** | **COMPLAINT WITH JURY DEMAND ENDORSED HEREON** |
| C/O Statutory Agent Corporation Service Company <br> 1160 Dublin Road, Suite 400 <br> Columbus, OH 43215 | |
| and, | |
| **TURNER CONSTRUCTION COMPANY,** | |
| C/O Statutory Agent CT Corporation System <br> 4400 Easton Commons Way, Suite 125 <br> Columbus, OH 43219 | |
| **DEFENDANTS.** | |

### I. NATURE OF THE CLAIMS

1. This is a civil action by Plaintiff Justin Secrest against his former employers, Harris Mountain West, LLC, and Turner Construction Company of Ohio, LLC. Defendants committed one or more of the following unlawful acts against Mr. Secrest: (1) terminated his employment because of his disability; (2) terminated his employment because they regarded him as having a disability; (3) terminated his employment in retaliation for filing a workers' compensation claim; (4) terminated his employment in retaliation for engaging in protected activity; and (5) failed to reasonably accommodate his disability.

2. Accordingly, Mr. Secrest now files this civil action. He seeks to recover for the harm he has suffered, to punish Defendants for their conduct, and to deter Defendants from ever perpetrating their conduct against any other person.

## II.     JURISDICTION AND VENUE

3. Pursuant to R.C. 1907.03 and 2305.01, this Court has original jurisdiction because this is a civil action where the amount in controversy exceeds the county court's exclusive original jurisdiction.

4. Pursuant to R.C. 2307.381-.385, and the Due Process Clauses of the federal and Ohio Constitutions, this Court has personal jurisdiction over Turner Construction Company of Ohio, LLC because it is a resident of, and has continuous and systematic contacts with, the State of Ohio.

5. Pursuant to R.C. 2307.381-.385, and the Due Process Clauses of the federal and Ohio Constitutions, this Court has personal jurisdiction over Harris Mountain West, LLC for the following reasons: it transacted business in this state; it caused tortious injury by an act or omission in this state; it caused tortious injury in this state to Plaintiff by an act outside this state committed with the purpose of injuring Plaintiff, when it might reasonably have expected that some person would be injured thereby in this state; and/or it purposefully availed itself of the privilege of acting in Ohio, its causes of action arise out of its activities in Ohio, and the exercise of jurisdiction over it is reasonable.

6. Pursuant to Civ.R. 3(C)(2), this Court is the appropriate venue because Hamilton County, Ohio is a county in which a defendant has a principal place of business.

## III.     PARTIES

7. Plaintiff Justin Secrest ("Plaintiff" or "Mr. Secrest") is a natural person who is a resident of Pike County, Ohio. Defendant Harris Mountain West, LLC, and Defendant Turner Construction Company of Ohio, LLC employed Mr. Secrest from March 25, 2024, up until Defendants fired him on August 30, 2024.

8. Defendant Harris Mountain West, LLC ("Defendant Harris" or the "Company") is a for-profit corporation that incorporated in the State of Minnesota and has its principal place of business in Ramsey County, Minnesota. Defendant Harris is a mechanical contractor company.

9. Defendant Turner Construction Company of Ohio, LLC ("Defendant Turner" or the "Company") is a for-profit limited liability company that formed in the State of Ohio and has its principal place of business in Hamilton County, Ohio. Defendant Turner is a construction services company.

## IV. FACTS

10. Mr. Secrest worked for Defendants as a Foreman in Fayette County, Ohio.

11. At all relevant times, Mr. Secrest's work performance always met or exceeded the expectations of his supervisors.

12. On or about August 8, 2024, Mr. Secrest suffered an injury while at work. Specifically, Mr. Secrest suffered an injury after moving a heavy air unit.

13. Mr. Secrest subsequently notified his supervisors of the injury and sought medical treatment shortly after.

14. Mr. Secrest's medical provider diagnosed him with a pinched nerve and a sports hernia. Mr. Secrest's injury substantially limits his ability to bend, lift, or carry any objects.

15. As a result, Mr. Secrest's medical providers placed him on light duty for work.

16. Around this time, Mr. Secrest's Safety Manager, John Penrose, expressed his distaste for "reportable injuries" and encouraged Mr. Secrest to return any prescriptions received from medical providers.

17. However, Mr. Secrest notified Defendants and requested light duty as an accommodation for his injury.

18. Defendants initially approved Mr. Secrest's accommodation. However, two days after Mr. Secrest's injury, Defendants placed him on unpaid leave and banned him from entering the work location.

19. On August 12, 2024, Mr. Secrest's supervisor, Mark Belugi, told Mr. Secrest that he would find a position to put Mr. Secrest in.

20. On or about August 12, 2024, Mr. Secrest filed for workers' compensation benefits to treat his injury.

21. On August 30, 2024, Mr. Belugi called Mr. Secrest and terminated his employment. Mr. Belugi erroneously claimed that Mr. Secrest refused to submit to a drug test on the date of his injury.

22. Notably, Mr. Secrest never received any request from Defendants for him to take a drug test.

23. Mr. Secrest told Mr. Belugi that he was not asked to take a drug test, but Mr. Belugi upheld his termination. Mr. Belugi told Mr. Secrest that he was not aware of the details, but Defendants instructed him to terminate Mr. Secrest.

24. On February 11, 2025, Mr. Secrest timely filed a charge of discrimination against Defendant Turner, with the Ohio Civil Rights Commission ("OCRC") and Equal Employment

Opportunity Commission. The charge alleged the same facts and claims under R.C. Chapter 4112 as alleged in this Complaint.

25. On December 4, 2024, Mr. Secrest timely filed a charge of discrimination against Defendant Harris. with the Ohio Civil Rights Commission ("OCRC") and Equal Employment Opportunity Commission. The charge alleged the same facts and claims under R.C. Chapter 4112 as alleged in this Complaint.[1]

## V. CLAIMS FOR RELIEF

### COUNT I

**Violation of Ohio Revised Code Chapter 4112**
**(Disability Discrimination – Termination of Employment)**

26. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

27. Plaintiff was at all relevant times an "employee" within the meaning of R.C. 4112.01(A)(3).

28. Plaintiff at all relevant times had a "disability" within the meaning of R.C. 4112.01(A)(13).

29. Defendants were at all relevant times "employer(s)" within the meaning of R.C. 4112.01(A)(2).

30. Defendants violated R.C. Chapter 4112 when they terminated Plaintiff's employment because of his disability or disabilities. Alternatively, Plaintiff's disability or

---

[1] Because Mr. Secrest's claims under R.C. 4123.90 and its public policy have a one-hundred-and-eighty-day statute of limitations, and because his claims under R.C. Chapter 4112 arise out of the same set of facts as alternative theories of relief, Mr. Secrest is required to file this Complaint alleging all his wrongful termination claims before exhausting his administrative remedies under R.C. Chapter 4112. However, R.C. 4112.052(B)(2)(a) allows Mr. Secrest to immediately sue on his claims under R.C. Chapter 4112 before administrative exhaustion ifshe seeks only injunctive relief on them, which is the case here. Then, R.C. 4112.052(B)(3) allows Mr. Secrest to amend the Complaint to request damages on his claims under R.C. Chapter 4112 once he receives his right-to-sue letter from the OCRC, which is what he intends to do in this case.

5

disabilities was a motivating factor in the decision by Defendants to terminate Plaintiff's employment.

## COUNT II

### Violation of Ohio Revised Code Chapter 4112
### (Regarded-As Disability Discrimination – Termination of Employment)

31. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

32. Plaintiff was at all relevant times an "employee" within the meaning of R.C. 4112.01(A)(3).

33. Plaintiff at all relevant times had a "disability" within the meaning of R.C. 4112.01(A)(13).

34. Defendants were at all relevant times "employer(s)" within the meaning of R.C. 4112.01(A)(2).

35. Defendants violated R.C. 4112.02(I) when they terminated Plaintiff's employment because Plaintiff engaged in the protected activity set forth in the statute. Alternatively, Plaintiff's protected activity was a motivating factor in the decision by Defendants to terminate Plaintiff's employment.

36. violated R.C. Chapter 4112 when they terminated Plaintiff's employment because of his physical and/or mental impairment(s). Alternatively, Plaintiff's physical and/or mental impairment(s) was a motivating factor in their decision to terminate Plaintiff's employment.

## COUNT III

### Violation of Ohio Revised Code Chapter 4112
### (Retaliation – Termination of Employment)

**Against All Defendants**

6

37. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

38. Plaintiff was at all relevant times a "person" within the meaning of R.C. 4112.01(A)(1).

39. Defendants were at all relevant times "person(s)" within the meaning of R.C. 4112.01(A)(1).

40. Plaintiff engaged in the activity protected by R.C. 4112.02(I).

41. Defendants violated R.C. 4112.02(I) when they terminated Plaintiff's employment because Plaintiff engaged in the protected activity set forth in the statute. Alternatively, Plaintiff's protected activity was a motivating factor in the decision by Defendants to terminate Plaintiff's employment.

## COUNT IV

### Violation of Ohio Revised Code Section 4123.90
(Retaliation for a Workers' Compensation Claim – Termination of Employment)

### Against Defendant Harris

42. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

43. Plaintiff was at all relevant times an "employee" within the meaning of R.C. 4123.90.

44. Defendant Harris was at all relevant times an "employer" within the meaning of R.C. 4123.90.

45. Plaintiff engaged in the protected activity described in R.C. 4123.90.

46. Defendant Harris violated R.C. 4123.90 when it terminated Plaintiff's employment because Plaintiff engaged in the protected activity set forth in the statute.

7

Alternatively, Plaintiff's protected activity was a motivating factor in the decision by Defendant Harris to terminate Plaintiff's employment.

47. Plaintiff has satisfied the procedural requirements of R.C. 4123.90.

48. As a proximate result of Defendant Harris' actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial but exceeding $25,000.

49. Consistent with R.C. 4123.90, Plaintiff is entitled to reasonable attorneys' fees incurred in pursuing Count IV.

## COUNT V

**Wrongful Termination in Violation of the Public Policy of R.C. 4123.90**
**(Retaliation for a Workers' Compensation Claim – Termination of Employment)**

**Against Defendant Harris**

50. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

51. Plaintiff was at all relevant times an "employee" within the meaning of R.C. 4123.90.

52. Defendant Harris was at all relevant times an "employer" within the meaning of R.C. 4123.90.

53. There is a clear public policy that exists and is manifested in R.C. 4123.90 that prohibits employers from terminating employees before they can file, institute, or pursue a claim for workers' compensation benefits. *See Sutton v. Tomco Mach., Inc.*, 129 Ohio St.3d 153, 2011-Ohio-2723, 950 N.E.2d 938.

54. Dismissing employees under the circumstances like those involved in Plaintiff's dismissal would jeopardize that public policy.

8

55. Defendant Harris' decision to dismiss Plaintiff was motivated by conduct related to this public policy.

56. Defendant Harris lacked an overriding business justification for the dismissal.

57. Plaintiff has satisfied the procedural requirements of R.C. 4123.90.

58. As a proximate result of Defendant Harris' actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial but exceeding $25,000.

59. Consistent with R.C. 4123.90, Plaintiff is entitled to reasonable attorneys' fees incurred in pursuing Count V.

## COUNT VI

**Violation of Ohio Revised Code Chapter 4112**
**(Disability Discrimination – Failure to Accommodate)**

**Against All Defendants**

60. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

61. Plaintiff was at all relevant times an "employee" within the meaning of R.C. 4112.01(A)(3).

62. Plaintiff at all relevant times had a "disability" within the meaning of R.C. 4112.01(A)(13).

63. Defendants were at all relevant times "employer(s)" within the meaning of R.C. 4112.01(A)(2).

64. Defendants violated R.C. Chapter 4112 when they failed to provide a reasonable accommodation for Plaintiff's disability.

## COUNT VII

**Violation of Ohio Revised Code Chapter 4112**

9

**(Regarded-As Disability Discrimination – Erroneous Perception of Illegal Drug Use – Termination of Employment)**

**Against All Defendants**

65. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

66. Plaintiff was at all relevant times an "employee" within the meaning of R.C. 4112.01(A)(3).

67. Plaintiff at all relevant times had a "disability" within the meaning of R.C. 4112.01(A)(13).

68. Defendants were at all relevant times "employers" within the meaning of R.C. 4112.01(A)(2).

69. Defendants violated R.C. Chapter 4112 when they terminated Plaintiff's employment because of their erroneous belief that he was engaged in illegal drug use. Alternatively, Defendants' erroneous belief was a motivating factor in their decision to terminate Plaintiff's employment.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment in his favor on all claims in this Complaint and requests the following relief:

A. For the claims under R.C. 4123.90 and for the public policy exception to the at-will employment doctrine relying on the public policy underlying R.C. 4123.90:

    1. Economic compensatory damages in an amount to be determined at trial;

    2. Reinstatement or, in the alternative, front pay in an amount to be determined;

10

3. Reasonable attorneys' fees incurred in pursuing the claims against Defendants;

4. All costs and expenses incurred in pursuing the claims against Defendants;

5. Pre- and post-judgment interest; and

6. All other legal and equitable relief this Court and/or a jury determines is appropriate.

B. For the claims under R.C. Chapter 4112:

a. Reinstatement;

b. All other equitable relief this Court and/or a jury determines is appropriate.

## VII. JURY DEMAND

Pursuant to Civ.R. 38, Plaintiff demands a trial by jury on all claims and issues that are triable.

Respectfully submitted,

By: /s/ Jamie R. Bailey
Jamie R. Bailey (Ohio Bar No. 0099789)
WILLIS SPANGLER STARLING
4635 Trueman Boulevard, Suite 100
Hilliard, Ohio 43026
Telephone: (614) 586-7915
Facsimile: (614) 586-7901
jbailey@willisattorneys.com

*Attorneys for Plaintiff Justin Secrest*

11