**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| JUSTIN SECREST, | : | Case No. 1:25-cv-215 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| HARRIS MOUNTAIN | : | |
| WEST, LLC, et al., | : | |
| | : | |
| Defendants. | : | |

---

### ORDER

---

This matter is before the Court on Defendant Turner Construction Company's Motion to Dismiss (Doc. 8). Plaintiff filed a Response in Opposition (Doc. 11), to which Defendant filed a Reply in Support (Doc. 12). Thus, this matter is fully briefed and ripe for the Court's review. For the following reasons, the Court **DENIES** Defendant Turner Construction Company's Motion to Dismiss (Doc. 8).

### FACTS AS ALLEGED

Plaintiff Justin Secrest was employed as a Foreman when he suffered an injury from moving a heavy air unit on August 8, 2024. (Compl., Doc. 5, ¶¶ 10, 12.) At the time, he was working for Defendant Harris Mountain West, LLC ("Harris Mountain")—a mechanical contractor company—and Defendant Turner Construction Company ("Turner Construction")—a provider of construction services. (*Id.* at ¶¶ 8-10.) Plaintiff's medical providers placed him on a "light duty" restriction after diagnosing him with a

pinched nerve and a sports hernia, which substantially limited Plaintiff's ability to bend, lift, or carry objects. (*Id.* at ¶¶ 14-15.) Accordingly, Plaintiff notified Defendants of the situation and requested a light duty accommodation. (*Id.* at ¶ 17.) Defendants initially approved the accommodation but then placed Plaintiff on unpaid leave and banned him from the work location only days later. (*Id.* at ¶ 18.) Within the month, Plaintiff's supervisor notified Plaintiff that he was terminated for refusing a drug test. (*Id.* at ¶ 21.) Plaintiff responded that he was never asked to take a drug test on the relevant date in question; nevertheless, his supervisor explained that Defendants had instructed him to terminate Plaintiff. (*Id.* at ¶ 23.)

## PROCEDURAL HISTORY

On February 26, 2025, Plaintiff filed his Complaint in the Court of Common Pleas for Hamilton County, Ohio. (*See* Compl., Doc. 5.) Then, on April 4, 2025, Defendant Harris Mountain—with the consent of Defendant Turner Construction—removed this matter to this Court on diversity jurisdiction grounds. (Notice of Removal, Doc. 1.) Relevant for present purposes, Plaintiff brings claims against Defendant Turner Construction for disability discrimination, retaliation, and failure to accommodate. (Compl., Doc. 5, ¶¶ 26-41, 60-69.) In turn, Defendant Turner Construction responded by filing a Motion to Dismiss for Failure to State a Claim (Doc. 8), which is now ripe for the Court's review. (*See* Response, Doc. 11; Reply, Doc. 12.)

## LAW

A motion to dismiss for "failure to state a claim upon which relief can be granted" tests the plaintiff's cause of action as stated in a complaint. Fed. R. Civ. P. 12(b)(6); *Golden*

2

*v. City of Columbus*, 404 F.3d 950, 958 (6th Cir. 2005). A claim for relief must be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Put differently, the complaint must lay out enough facts for a court to plausibly infer that the defendant wronged the plaintiff. *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013). Courts must accept all allegations of material fact as true and must construe such allegations in the light most favorable to the plaintiff. *Twombly*, 550 U.S. at 554-55; *Doe v. Baum*, 903 F.3d 575, 581 (6th Cir. 2018). However, courts are not bound to do the same for a complaint's legal conclusions. *Twombly*, 550 U.S. at 555.

## ANALYSIS

Defendant Turner Construction seeks dismissal on the basis that it is not Plaintiff's employer and Plaintiff has failed to sufficiently allege a joint-employer relationship. (Motion, Doc. 8, Pg. ID 201.) Plaintiff responds that he has plausibly alleged claims against Defendant Turner Construction—especially in light of its supposed involvement in his termination—and that dismissal would be premature. (Response, Doc. 11, Pg. ID 260.)

Courts may consider federal case law to help determine whether disability discrimination claims brought under Ohio Revised Code § 4112 plausibly allege an employer status. *Bracken v. DASCO Home Med. Equip., Inc.*, 954 F. Supp. 2d 686, 699 (S.D. Ohio 2013) (citing *Columbus Civil Serv. Comm. v. McGlone*, 82 Ohio St.3d 569, 573 (Ohio 1998)); *see also Sanford v. Main St. Baptist Church Manor, Inc.*, 449 F. App'x 488, 492 (6th Cir. 2011). As for the joint-employer theory raised by the parties in this case, courts examine whether "one employer while contracting in good faith with an otherwise independent

3

company, has retained for itself sufficient control of the terms and conditions of employment of the employees who are employed by the other employer." *Bracken*, 954 F. Supp. 2d at 699 (quoting *Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 993 n.4 (6th Cir. 1997) (quotation omitted)). Specifically, courts consider whether the entity had the ability to govern "the essential terms and conditions of employment," such as "the ability to hire, fire, and discipline, affect compensation and benefits, and direct and supervise performance." *Id.* (quoting *Swallows*, 128 F.3d at 993 n.4; *Sanford*, 449 F. App'x at 492).

Turning to the Complaint here, Plaintiff alleges that he worked for Defendant Harris Mountain and Defendant Turner Construction. (Compl., Doc. 5, ¶ 10.) Specifically, Plaintiff alleges that his supervisor terminated his employment through a phone call on August 30, 2024. (*Id.* at ¶ 21.) When Plaintiff contested the proffered reason for termination by stating that he never received a request for a drug test, his supervisor responded that "he was not aware of the details, but Defendants instructed him to terminate [Plaintiff]." (*Id.* at ¶¶ 22-23.) And, prior to this development, Defendants had already placed Plaintiff on "unpaid leave and banned him from entering the work location." (*Id.* at ¶ 18.) Plaintiff alleges that both Defendant Harris Mountain and Defendant Turner Construction are "employers" for purposes of pursuing his legal claims. (*Id.* at ¶¶ 29-30, 34-36, 63-64, 68-69.) Taking all these allegations—including Defendant Turner Construction's role in banning and thereafter terminating Plaintiff— as true, Plaintiff has plausibly pled that Defendant Turner Construction was his employer. *See, e.g., Equal Emp. Opportunity, Comm'n v. Skanska USA Bldg., Inc.*, No. 2:10-

4

CV-2717, 2011 WL 13103437, at *3 (W.D. Tenn. Sept. 20, 2011) (emphasizing the defendant's alleged ability to terminate the plaintiff); *Sutton v. Cmty. Health Sys., Inc.*, No. 1:16-CV-1318, 2017 WL 3611757, at *5 (W.D. Tenn. Aug. 22, 2017) (explaining that the "complaint asserts that [the defendants], collectively, have the power to hire and fire [the plaintiff]").

Defendant Turner Construction, to be sure, contends that it "had no involvement in Harris' decision to end Plaintiff's employment with Harris." (Reply, Doc. 12, Pg. ID 265-66.) However, this assertion squarely contradicts Plaintiff's allegations in his Complaint: "Defendants instructed [Plaintiff's supervisor] to terminate [Plaintiff]." (Compl., Doc. 5, ¶ 23.) It is well established that courts cannot resolve such factual disputes on a motion to dismiss of this nature. *See, e.g., Fite v. Giles Cnty. Gov't*, No. 1:25-CV-18, 2025 WL 1387054, at *1 (M.D. Tenn. May 13, 2025); *State Farm Mut. Auto. Ins. Co. v. Inj. Care Chiropractic, LLC*, No. 3:20-CV-819, 2021 WL 4449996, at *3 (W.D. Ky. Sept. 28, 2021). And, to the extent that Defendant Turner Construction offers facts not found within the four corners of the Complaint (*see, e.g.*, Motion, Doc. 8, Pg. ID 201-02, 204), the Court declines to consider these assertions because they extend beyond the Complaint's allegations. *See Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005) (explaining that "a court generally may not consider any facts outside the complaint and exhibits" when adjudicating a Rule 12(b)(6) motion); *Morris v. Michigan Auto. Compressor, Inc.*, No. 18-CV-12847, 2019 WL 3068039, at *5 (E.D. Mich. July 12, 2019) (declining to consider factual assertions offered only through the briefing). Thus, this argument fails to convince.

Similarly, in light of the foregoing analysis and the governing standards, the Court is unpersuaded by Defendant Turner Construction's argument that more detailed allegations are required at this stage. *See, e.g., Bracken*, 954 F. Supp. 2d at 699 (concluding that the plaintiff had plausibly pled employer control despite not "provid[ing] specifics as to the control that [one defendant] had over his conditions of employment"); *Branning v. Romeo's Pizza, Inc.*, No. 1:19-CV-2092, 2020 WL 3275716, at *4 (N.D. Ohio Apr. 6, 2020) (explaining that the plaintiff "does more than merely assert that [the defendants] are 'joint employers'"); *Ali v. Piron, LLC*, No. 17-CV-11012, 2018 WL 1185271, at *5-6 (E.D. Mich. Mar. 7, 2018) ("Contrary to [the defendant's] position, [the plaintiffs] do not need to plead detailed factual allegations about Defendants' employment arrangements."). And, "collecting defendants under a defined term then claiming all defendants are liable for the same misconduct is, at the pleading stage, sufficient to give each of them notice of the claims alleged against them." *Faloba v. Ultium Cells LLC*, No. 4:24-CV-1569, 2025 WL 1042699, at *9 (N.D. Ohio Apr. 8, 2025) (cleaned up) (collecting cases).

Thus, for all these reasons, the Court declines to dismiss the claims against Defendant Turner Construction at this early juncture. This conclusion accords with the often-voiced recognition by sister courts throughout the Sixth Circuit that "[t]he extent of [defendant's] control is a fact-specific inquiry that will be better addressed after discovery on the issue has occurred." *Bracken*, 954 F. Supp. 2d at 699; *see also Ali*, 2018 WL 1185271, at *6 (finding the motion to dismiss "premature" given the context); *Morris v. Michigan Auto. Compressor, Inc.*, No. 18-CV-12847, 2019 WL 3068039, at *5 (E.D. Mich. July 12, 2019).

6

## CONCLUSION

Accordingly, the Court **DENIES** Defendant Turner Construction Company's

Motion to Dismiss (Doc. 8).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND

7